**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 25, 2023**

# In the Court of Appeals of Georgia

A23A0417. JACKSON v. THE STATE.

PIPKIN, Judge.

A jury found Kevin Lamar Jackson guilty of rape and simple battery. Following the denial of his motion for new trial, Jackson appeals, arguing that the trial court committed reversible error in admitting a recording of the crime made by the victim on her iPhone. For reasons that follow, we find no error and affirm.

Viewed favorably to the verdict, the evidence shows that, on November 10, 2016, the victim lived with her infant daughter in a hotel. That night, Jackson came to the hotel room with the victim's cousin. Although the victim had known Jackson when she was a child, she had not seen him in years. After the other adults left, Jackson remained behind. He began talking to the victim about sex, which made her uncomfortable. She began recording the encounter on her iPhone. According to the

victim, Jackson physically picked her up and moved her to the bed where he pinned her down, pulled her pants off, and had sex with her. During the audio recording, which was played for the jury, the victim can be heard repeatedly telling Jackson "no" and telling him to get off her. At the end of the recording, the victim can be heard crying.

After Jackson left, the victim called a friend who called the police. When the police arrived, they found the victim shaking and visibly distraught. The victim was taken to the hospital where she underwent a sexual assault examination. Vaginal swabs taken during the examination contained Jackson's DNA. Based on the evidence presented, the jury found Jackson guilty of rape and simple battery.

Prior to trial, Jackson moved to exclude the recording the victim made on her iPhone. The trial court ruled that the audio portion of the recording was admissible, and that portion was played at trial. On appeal, Jackson contends that the trial court erred in admitting this recording because it was a secret recording made in violation of Georgia's laws governing unlawful surveillance, OCGA § 16-11-60 et seq. He asserts that the recording was thus inadmissible under OCGA § 16-11-67. We disagree.

OCGA § 16-11-67 precludes the admission of evidence obtained via unlawful surveillance as set forth in OCGA §§ 16-11-60 through 16-11-70. According to Jackson, the recording was made in violation of OCGA § 16-11-62 (2), which makes it unlawful for "[a]ny person, through the use of any device, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view[.]" Jackson is mistaken.[1]

Here, the trial court did not admit a recording of any *activity* as contemplated by OCGA § 16-11-62 (2). Rather, the trial court admitted only the audio portion of the recording, which is governed by OCGA § 16-11-62 (1). In *Weintraub v. State*, 352 Ga. App. 880 (836 SE2d 162) (2019), we made clear that cell phone videos include both audio and video recordings. In that case, a guest in a home used his cell phone to record an altercation between Weintraub and his wife. Weintraub sought to exclude the recording under OCGA § 16-11-62, and the trial court denied the motion in limine. We remanded the case to the trial court, directing that court to determine

---

[1] Given that the crime occurred in the victim's hotel room, we question whether Jackson had any expectation of privacy protected by OCGA § 16-11-62 (2). See *State v. Cohen*, 302 Ga. 616, 628-630 (2) (b) (807 SE2d 861) (2017). We also question whether the filming of such an incident would fall within the crime detection exception to unlawful surveillance. See OCGA § 16-11-62 (2) (C). Since resolution of these issues is unnecessary to our analysis, we do not resolve these questions.

whether the audio portion of the recording was admissible under OCGA § 16-11-62 (1). Id. at 890-891 (2).

Here, because only the audio portion was tendered, this case is governed by OCGA § 16-11-62 (1). Under this statute, it is unlawful for "[a]ny person in a clandestine manner intentionally to overhear, transmit, or record or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place[.]" OCGA § 16-11-62 (1). "It is well established that OCGA § 16-11-62 (1) does not prohibit one party to a conversation from secretly recording or transmitting it without the knowledge or consent of the other party." (Citation and punctuation omitted). *Suggs v. State*, 310 Ga. 762, 766 (4) (854 SE2d 674) (2021). The victim was thus authorized to record her conversation with Jackson without first obtaining his consent. See id. Accordingly, the evidence was not subject to exclusion under OCGA § 16-11-67. See id. It follows that the trial court did not err in admitting the recording in evidence.

*Judgment affirmed. Rickman, C. J., and Dillard, P. J., concur.*